24-2741 Southern Iowa, Thunderhead of Ankeny v. Chicken Bones of Kearney All right, Mr. Connelly, we'll hear from you first. Thank you, Your Honor, and may it please the Court. I'm here today with my colleague, John Gilbertson, on behalf of Thunderhead of Ankeny. And I'm going to be referring to Chicken Bones of Kearney, most likely by CBK. So if you hear that, that's what I'm referring to. We love acronyms. It helps us follow what's going on.  Really? Okay. That was a joke. You might just say Chicken Bones. That would be easier to process in the mind.  Yeah, okay. Thunderhead is asking the Court today to clarify the proper scope of consideration when evaluating federal question jurisdiction in a declaratory judgment context. Now, given the District Court's reliance on this Court's decision in Ogala Sioux Tribe, I believe that's an appropriate area to focus our argument today. And in that particular case, we had Ogala Sioux Tribe and CNW Enterprises that had engaged in a number of contracts with one another. And those contracts included an arbitration clause. Those parties had ran into a dispute. CNW Enterprises then sent an arbitration demand. Sioux Tribe responded by moving to dismiss the case on tribal immunity grounds. That was denied. Afterwards, Sioux Tribe then went to the federal court and asked for the case to be dismissed based on a declaratory judgment of tribal immunity. And what this court found in making this decision is, while they were the plaintiff raising a federal claim, that claim was defensive in nature, tribal immunity. So what they did is they put the parties in their correct positions. What were they really asking the court to do? To say that the breach of contract claims were completely defended against. And because those contract claims are based in state court, they dismissed the case for a lack of federal question. Now, relying on that case, the district court in this instance made the following finding. Sioux Tribe is governing and requires the court to evaluate the Polk County litigation rather than the face of Thunderhead's complaint to determine whether subject matter jurisdiction exists. This was both factual and legal error. Supreme Court precedent requires that when determining whether or not declaratory judgment grounds exist for it, that the courts must look at all circumstances. If the district court was correct in dismissing this current case, they limited the scope of considerations to state claims. In fact, they didn't even look at the allegations that were raised by Thunderhead. They limited to what Chicken Bones had put in their state claims. Essentially circumventing the declaratory judgment act. Now, what is important as well is in this particular case and in our complaint, we raised numerous accusations that were levied against Thunderhead. Each of them are for misappropriation or infringement of intellectual property rights. That's well beyond the scope of a state law claim. Those are claims that are based in federal law. The Patent Laws is an example. The Lanham Act covering trademark law. And the more recently adopted Defend Trade Secrets Act. And because those accusations that are being made are grounded in federal law, the district court did have subject matter jurisdiction to hear the case. What was the patent law claim? I understood there was a trademark claim, but a federal patent law claim? Yes, Your Honor. Within the contract underlined in the state case, there's a contract. And it broadly describes multiple instances of intellectual property. And includes patents. But there is not an actual patent in controversy. It's a breach of contract claim as I understood it. Correct. And unjust enrichment, Your Honor. So why wouldn't those just be state law claims? The claims are, Your Honor. Absolutely. But we have to look at what the accusations are. And if you accuse somebody of the unauthorized use of intellectual property, that gives rise to claims of infringement. And that's what the court has to consider when they look at all circumstances. And we see that in the cases that were cited throughout the briefing for both sides. As an example, if we look at the Goodyear case. When you say infringement, do you mean? Trademark infringement, Your Honor. My apologies. Well, you could bring it in action under the Lanham Act, but this isn't what this is. It's a state law claim. Your Honor, that's correct that that's what they brought. But if you would consider for just a moment, if there was no state law claim at all, and a party is accused of the unauthorized use of someone's intellectual property, it would give rise to a declaratory judgment. Well, it's based on the state law. The claim is not based on federal law. The claim is, yes, Your Honor, but the accusation. Accused in what context? What do you mean accused of? As an example, in a response or a demand letter or in a communication. And these were happening actually during the state proceedings. So, as an example, we can look at both Goodyear and Vanguard, both cases that were cited from the federal circuit. In both of those cases, they predated the Federal Defend Trade Secrets Act. And so there were state claims of trade secret misappropriation. But those grounds were sufficient to indicate underneath the all circumstances, or sorry, either reasonable apprehension test, the stricter standard, to indicate to the federal court that there was a controversy that warranted a declaratory judgment, even though the claims in state court were limited to trade secret misappropriation. And it would defeat the all circumstances test if a plaintiff could make accusations that would warrant a declaratory judgment and then obliterate that simply by filing a state law claim on unrelated claims that are limited to state law. And it looks like Your Honor, I'd like to give you another question, but otherwise, I'm going to reserve the rest of my time for rebuttal. You may. Thank you for your argument. Mr. Wackel, we'll hear from you. Please, the court. My name is Adam Wackel, and I'm here on behalf of Chicken Bones of Kearney, Inc., the appellee in this action. You may raise that podium, by the way. There's a button on the right side there to get the microphone closer. Is this better for you? You can raise the podium up. Oh, got it. Fancy. We paid a lot for that podium. I appreciate that. Some for the tall people. We want you to use it. We want to be able to hear. I appreciate it. Thanks for accommodating me today. As I was saying, the district court properly dismissed the federal declaratory action that is the subject of this appeal for lack of federal question and lack of subject matter jurisdiction because the federal declaratory action was brought as a defensive maneuver in reaction to a denial of a motion for summary judgment in the pending state action and all of the state claims brought by Chicken Bones in that state action arise under state law. Specifically as background, in the summer of 2000, this action was filed in January of 2022, and by the way, it remains pending as we sit here today. The four claims that are the subject of that suit are breach of contract, unjust enrichment, tortious interference, and injunction as it relates to repeated violations of the settlement agreement. In the summer of 2023, the defendants moved for a dispositive motion for summary judgment on Chicken Bones claims. In October of 2023, the district court of Polk County overruled that motion. One month later, the Thunderhead files this declaratory action, and you'll note if you review the 222-paragraph complaint, there are numerous references to the underlying state court action, as well as 12 exhibits, all of which were filings in that action. In short, what the declaratory complaint seeks to do is to result in a finding that the settlement agreement, which is the subject of the state court action, is either unenforceable or that Thunderhead and presumably the other defendants did not breach that agreement. Consequently, there are affirmative defenses to what is the state court action, and given the nature of affirmative defenses, the federal district court appropriately reviewed them in an approach where he reviewed the nature of the underlying state court action to see whether or not federal question exists. Again, as we noted, Chicken Bones filed claims of breach of contract, unjust enrichment, tortious interference, and injunction as it relates to breaches of the settlement agreement. The district court found that all of these claims properly arise under federal law, and further, that none of these state law claims presents a federal question issue. One more thing the district court found, specifically that Chicken Bones did not need to prove any elements of a federal claim in order to prevail on its state law claims in Polk County District Court. In taking this approach, the court looked at the claims that were actually pled in the state court action as opposed to those that could have been pled. Your Honors, I would suggest to you that that is in line with the case law we cited to you, such as the Neves and the Northeast case, and it's particularly appropriate in this case when the parties had already been litigating the action for 22 months, and one party had filed a failed dispositive motion before bringing this action. Now, consequently for those reasons, we believe the district court got it right and dismissed this case for lack of federal question and thus lack of subject matter jurisdiction. Now, proceeding to the motion to reconsider, which followed that, it's our position that this court doesn't have jurisdiction over that order because the order denying reconsideration, order denying alter to amend, isn't referenced in the notice of appeal. Now, I've seen some Eighth Circuit case law where it says, well, if it's referenced in the appeal supplement, that suffices. It's neither there either. The order to reconsider is not before this court, and therefore, this case should automatically get affirmed based on the initial order which we just spoke to. However, even if this court goes ahead... I'm not sure, just on that point. Yes. There was a recent amendment to the rules of appellate procedure that may supersede those cases that talk about mentioning it in the notice. I don't know if you're familiar with that. I'm not sure. What year did those go into effect? Oh. I can't recall, but it was within the last five years. Go ahead. What's your thought on that? In any event, if this court considers the motion to reconsider, that standard is for an abuse of discretion. And for the reasons that I just cited to you, the court did not abuse its discretion in denying the motion to reconsider. And the same analysis would apply with respect to the additional evidence that Thunderhead attempted to bring in as a part of its motion to reconsider. Since, as you know, a motion to reconsider is not to be used as a vehicle to bring in evidence that a party already had in its possession prior to filing a motion. And in this case, the letters that are attached to this motion to reconsider are dated July of 2021, which tells you that Thunderhead's owner, who is the 100% owner of the defendants in the state court litigation, had this in his possession approximately three years before bringing this declaratory action. That said, it's an inappropriate evidence to bring in in a motion to reconsider. Now, we note that the district court's order does not mention whether or not it considered that additional evidence. We've cited case law to you, it is from the Fifth Circuit, that the same abuse of discretion standard to reconsider, it equally applies when a court on a motion to reconsider fails to address whether or not the judge considered evidence on that motion. In this particular case, the order is silent on that issue. And because, as I just mentioned to you, that evidence was in Thunderhead's possession, the letters at least, years before filing the motion to reconsider, and the transcript from the Dutton-Polk County District Court months before the initial order of jurisdiction was issued, those were inappropriate and the court did not abuse its discretion in denying the motion to reconsider. Finally, in the motion to reconsider, there was a lot to do about whether there's a different standard that should apply for declaratory actions when the declaratory action is removed from state court, or whether it's an original declaratory action commenced in the federal court. The authorities we've cited to you when the district court judge, in reviewing the motion to reconsider, quoted the language we placed in our brief, states that the standards are the same. And what's that mean? That means that the district court properly looked at the nature of the state court action because the defendant, Thunderhead, filed this action in reaction to and as a defensive maneuver to getting its motion for summary judgment overruled in the state court action. And because all the causes of action in the state court action arise under state law, there is no federal question jurisdiction. There is no subject matter jurisdiction. And unless you have any questions for me, I would respectfully ask that the court affirm the order dismissing the federal DEC action for subject matter jurisdiction. And if the court finds that it has jurisdiction over the order denying motion to reconsider, we would ask that you affirm that order as well. Thank you. The amendment to which I was referring was adopted in 2021.  And there's a provision in the rule now that says, an appellant may designate only part of a judgment or appeal by expressly stating that the notice of appeal is so limited. Without such an express statement, specific designations do not limit the scope of the notice of appeal. Okay. So that arguably supersedes our cases that said if you specify a particular order, the appeal is limited to the order. Understood. We'll study the issue and appreciate your raising it. Thank you. We'll hear Rebental. Thank you, Your Honor. I would actually like to start with the last point raised about removal. And it's important that we do compare and contrast removal with declaratory judgment. Removal is unique in that you have a state court action that you're trying to bring to federal court. And the drafter of that complaint has the ability to carefully craft it to avoid the federal courts from exercising its jurisdiction. That's plain as day. There's no argument there. It's also important that the claims that are brought by the plaintiff in those cases must have a necessary element of a federal issue. That means that if all the claims are state-based, such as breach of contract, a counterclaim that is a federal defense, such as tribal immunity, could not remove that case. That's well understood. Where they differ from removal to declaratory judgment is the scope of considerations. And that is why when you consider jurisdiction on the issue of declaratory judgment, you have to consider a grander scope, a broader scope of information, including accusations and what those accusations give rise to. So there must be consideration of the hypothetical. And we know that's the case because of the case law that's cited throughout this case. As a great example, we have the Eighth Circus decision in U.S. Waters. And in that case, the party trying to resist the declaratory judgment made much ado about the fact that they carefully crafted their complaint to not invoke their patent rights, which is a federal issue. And the Eighth Circuit said, we don't buy it. That's not sufficient. We can be smarter than that. We're looking beyond that to what you're actually alleging. And actually, the all circumstances test that came from the Supreme Court is based on letters sent out just requesting money underneath the contract. They didn't even make accusations. And interestingly, in my good friend over here, Adam, in his response, he never denied that the accusations levied against Thunderhead give rise to claims of violations of the Lanham Act or violations of the Defend Trade Secrets Act. Instead, he said, it's appropriate to only look at the state courts with what was filed in the state court. And if the court would entertain me, I just want to quickly read the standard for declaratory judgment and see if this complies with the notion that you can limit your analysis to a state court complaint. The question in each case... What are you reading from now? I'm sorry. This is from, I believe this is from Metamune v. Genentech. This is the standard for declaratory judgment and when a controversy exists. The question in each case is whether the facts alleged, notably, not what was in a complaint, when the facts alleged under all the circumstances show there is a substantial controversy between the parties having adverse legal interests, a sufficient immediacy, and reality to warrant the issuance of a declaratory judgment. It is impossible for that standard to be met if you don't even consider the actual pleadings and somehow you narrow your scope of focus to only what's in the state court. And the last thing I want to touch on is the timing. In Ogalla, there is a reference to it being a reactionary measure. The full understanding of that is, admittedly, it's not particularly clear what the court was trying to get at in that situation, but it's quite clear that 1331 in declaratory judgment, the only timing aspect of it is sufficient immediacy. And the declaratory judgment action was brought just two months after Chicken Bones made its last accusation that Thunderhead was infringing on their rights. Unless the court has any other questions, I thank you for your consideration. Very well. Thank you for your argument. Thank you to both counsel. The case is submitted. The court will file a decision in due course.